# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

**CIVIL ACTION NO. 14-192-DLB**

**KURT HARRINGTON**                                                                 **PETITIONER**

**VS.**                              **MEMORANDUM OPINION AND ORDER**

**J. C. HOLLAND, WARDEN**                                                       **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

**Introduction**

Kurt Harrington is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky.  Proceeding without counsel, Harrington has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc #1)

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Harrington's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**Factual and Procedural Background**

On December 12, 2008, in Iowa City, Iowa, Harrington and five others were charged in a thirteen count indictment for various drug trafficking crimes, including for conspiracy to engage in drug trafficking in heroin and cocaine resulting in death.  The prosecution arose from the October 5, 2008, drug overdose and death of Joseph Van Hoe, and the narcotics were eventually traced back to Harrington and his co-defendants.  *United States v. Harrington*, No. 3:08-CR-74-JAJ, TJS-4 (S.D. Iowa 2008).

On July 27, 2009, the government filed a notice pursuant to 21 U.S.C. § 841(b)(1)(A), (B)-©, indicating that because Harrington had a prior 2002 felony drug conviction for the manufacture and delivery of a controlled substance in Cook County, Illinois, he was subject to enhanced penalties, up to and including life imprisonment.  Shortly thereafter, Harrington pled guilty to Counts 10 and 11 for the sale and distribution of heroin and crack cocaine in violation of 21 U.S.C. § 841(a)(1), leaving five counts remaining for trial.  (Doc. #161, 197; see also Doc. # 291, 299 therein)

Following a five-day trial, on August 28, 2009, a jury found Harrington guilty of all remaining counts, including conspiracy to distribute heroin and crack cocaine resulting in death in violation of 21 U.S.C. §§ 841(b)(1)(A), ©, 846; distribution of heroin resulting in death in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)©, 2; distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)©; possession with intent to distribute heroin and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)©, 2; and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)©, 2.  In response to special interrogatories, the jury specifically found that Harrington was responsible for the distribution of 50 or more grams of crack cocaine, and that the government had proved

beyond a reasonable doubt that Harrington's distribution of heroin was a "contributing factor" in Van Hoe's death.  (Doc. #211, pp. 2-3 therein)

On March 26, 2010, the trial court sentenced Harrington to five 360-month terms of incarceration on the drug trafficking counts, and to life imprisonment on the two counts involving drug trafficking resulting in Van Hoe's death pursuant to 21 U.S.C. § 841(b)(1)(A), all to be served concurrently.  (Doc. #307 therein).  On direct appeal, Harrington challenged the enhancement of his sentence based upon his prior felony conviction, but the Eighth Circuit affirmed on August 27, 2010.  *United States v. Harrington*, 617 F.3d 1063 (8th Cir. 2010).  Harrington did not challenge the correctness of the jury instruction regarding the sentencing enhancement in light of Van Hoe's death, but his co-conspirator did, albeit without success.  *United States v. Faulkner*, 636 F.3d 1009, 1021-23 (8th Cir. 2011).

On November 4, 2011, Harrington filed a timely motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  Harrington contended that his trial counsel was ineffective for several reasons, and separately claimed that the trial court incorrectly "instructed the jury that essentially to prove that Movant caused the death of the victim by distribution of heroin the government only need show that the heroin was a 'contributing' factor."  (Doc. #1-1, pp. 9, 16, 30)  The trial court denied Harrington's § 2255 motion on December 17, 2012.  In doing so, the trial court rejected Harrington's argument that the jury instructions regarding the § 841(b)(1)© enhancement should have required the jury to find that his activities were more than just a contributing cause of Van Hoe's death.  The trial court noted that its jury instruction adhered to controlling Eighth Circuit precedent at the time.  (Doc. # 1-1, pp. 56-57 (citing *United States v. McIntosh*, 236 F. 3d 968, 972-73 (8th Cir. 2001) ("Congress intended § 841(b)(1)(A)'s enhancement to apply without regard to

3

the principles of proximate cause or the foreseeability of death or serious bodily injury.")))

On May 17, 2013, the Eighth Circuit denied his request for a certificate of appealability.

*Harrington v. United States*, No. 4:11-CV-526-JAJ (S.D. Iowa 2011).  There is no record

that Harrington sought en banc review from the Eighth Circuit or filed a petition for a writ

of certiorari with the Supreme Court.

On January 27, 2014, the Supreme Court held that for purposes of § 841(b)(1)(A)'s

sentencing enhancement provision, death or serious bodily injury only "results from" the

drug trafficking when the use of the controlled substance does not merely "contribute to"

- but instead is the "but-for cause of" - the victim's death or injury.  *Burrage v. United*

*States*, __ U.S. __, 134 S. Ct. 881, 891 (2014) ("The language Congress enacted requires

death to 'result from' use of the unlawfully distributed drug, not from a combination of

factors to which drug use merely contributed.").  The case was on review from the Eighth

Circuit and, like Harrington, the petitioner's claim that § 841(b)(1)(A) requires more than a

showing of contribution to the victim's death had failed under the Eighth Circuit's controlling

decision in *McIntosh*.  *Id.* at 886.

On April 11, 2014, Harrington therefore filed a motion in the Eighth Circuit seeking

permission pursuant to 28 U.S.C. § 2244 to file a second or successive motion for relief

under 28 U.S.C. § 2255 to avail himself of *Burrage*.  Both the United States and the Eighth

Circuit acknowledged the applicability of *Burrage* to Harrington's case, but noted that his

request did not satisfy § 2255(h) because his claims were not predicated on new evidence,

and *Burrage* involved a matter of statutory interpretation, not a new rule of constitutional

law made retroactively applicable to cases on collateral review by the Supreme Court.

(Doc. # 1-1, pp. 75-77, 79)  Both likewise suggested that a habeas corpus petition under

4

28 U.S.C. § 2241 might, but would not necessarily, provide a vehicle for his claim.  (Doc. # 1-1, pp. 77-78,  80)  The Eighth Circuit denied his motion for authorization on September 3, 2014.  *Harrington v. United States*, No. 14-1861 (8th Cir. 2014).  Harrington filed his § 2241 petition in this Court eight days later.  (Doc. # 1)

### Claims raised in his habeas petition

In his petition, Harrington reiterates his contention that his sentence was improperly enhanced because under *Burrage*, the jury should have been instructed that it must find that his drug trafficking activities were a "proximate cause" of Van Hoe's death before § 841(b)(1)(A)'s enhancement could be applied.  (Doc. # 1, pp. 6-10)  Harrington also claims that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), because he failed to request a jury instruction requiring the jury to find that his drug trafficking activities were a proximate cause of Vanhoe's death to apply the § 841(b)(1)© enhancement.  (Doc. # 1, pp. 11-17)

### Analysis

Having reviewed Harrington's claims, the Court concludes that he may not pursue them in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review . . .").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Neither of Harrington's claims fit within the narrow scope of § 2255(e). There is no doubt that Harrington's claim that his trial counsel was constitutionally ineffective under *Strickland* is one of ordinary trial error which he could have and must have been pursued

6

on direct appeal or in an initial motion under § 2255.  *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Fuller v. United States*, No. 14-CV-714-DRH, 2014 WL 3543703, at *3-4 (S.D. Ill. July 16, 2014).  Relief is therefore unavailable under § 2241.

Harrington's claim that the trial court should have instructed the jury to test his conduct under the more demanding "but-for" causation test required by *Burrage* likewise may not be asserted under § 2241.  The Sixth Circuit has indicated that, at a minimum, a new interpretation of a statute by the Supreme Court must be retroactively applicable to cases on collateral review to present the sort of "actual innocence" claim which may be pursued under § 2241.  *Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012).  Harrington's claim does rest upon a matter of statutory interpretation, rather than constitutional protections, and is based upon a Supreme Court decision post-dating his conviction, direct appeal, and initial collateral attack proceedings.

However, the Supreme Court has not expressly held that its holding in *Burrage* is retroactively applicable to cases on collateral review.  In fact, following the *Burrage* decision, several recent cases have noted that *Burrage* decision has never been held to be retroactively applicable to such cases.  *See Herrera v. Warden, FCC-Coleman-USP-1*, No. 13-14862, 2015 WL 77404, at *2 (11th Cir. Jan. 7, 2015); *Alvarez v. Hastings*, No. CV214-070, 2014 WL 4385703, at *4 (S.D. Ga. Sept. 4, 2014) (citing Eleventh Circuit's decision denying petitioner's application for leave to file second or successive 2255 motion based on *Burrage*, implicit in which is the conclusion that *Burrage* is not retroactively applicable); *De La Cruz v. Quintana*, No. 14-28-KKC, 2014 WL 1883707, at *6 (E.D. Ky. May 1, 2014) (unable to find any authority making Burrage retroactively applicable); *Taylor v. Cross*, No. 14-CV-304, 2014 WL 1256371, at *3 (S.D. Ill. Mar. 26, 2014) (*Burrage* has

7

not been found to apply retroactively); *In re: Carlos Alvarez*, No. 14–10661–D (11th Cir. Mar. 6, 2014) (denying application for leave to file a second or successive § 2255 motion based on *Burrage* because the Supreme Court "did not expressly hold that *Burrage* is retroactive[ly applicable to cases] on collateral review.").

Applying *Wooten*'s test to Harrington's petition, his challenge to his sentencing enhancement under *Burrage* is therefore not cognizable under § 2241, and his petition must be denied.

Accordingly, **IT IS ORDERED** that:

1.      Harrington's petition for a writ of habeas corpus (Doc. #1) is **DENIED**.

2.      The Court will enter a judgment contemporaneously with this order.

3.      This matter is **STRICKEN** from the docket.

This 4th day of May, 2015.



Signed By:
*David L. Bunning*    DB
**United States District Judge**

G:\DATA\ORDERS\ProSe\Harrington 14-192 MOO denying 2241.wpd

8